PER CURIAM.
The appellant challenges the trial court’s orders dismissing the appellant’s complaint without prejudice and awarding attorney’s fees and costs to the appellee. We reverse.
*678 The appellant filed an action against the appellee for breach of an employment agreement. The cause was set for nonjury trial for the week of November 13, 1990. When the appellant and his attorney did not appear in the trial court on November 13, 1990, the trial court entered a final judgment dismissing the appellant’s claim and reserving jurisdiction to award attorney’s fees and costs.
The appellant filed a motion for rehearing and a motion to set aside or modify final judgment and submitted affidavits by he and his attorney. The affidavits indicated that neither the appellant nor his attorney received written or verbal notice of a docket call set for the morning of November 13, 1990. Appellant’s attorney had been in contact with the trial court and opposing counsel but received no notice of any required docket call. After a hearing, the trial court denied the motion for rehearing but - granted the motion to set aside final judgment. The trial court’s order declared that the appellant’s claim was dismissed without prejudice and directed the appellant not to proceed with a new action until the court adjudicated the issue of attorney’s fees and costs.
Appellant filed a motion seeking to proceed with a new action and to adjudicate the issue of attorney’s fees and costs. The trial court entered an order awarding attorney’s fees and costs to the appellee as a sanction for the appellant’s failure to attend the trial in this cause. The court reiterated its directive that the appellant not proceed with a new action until the issue of the amount of attorney’s fees and costs was determined. After a hearing, the trial court entered another order awarding to the appellee attorney’s fees of $6270.00 and costs of $386.55. The appellant was allowed sixty days from the date of this order to file another lawsuit against the appellee. Appellant filed a timely notice of appeal.
We reverse because the trial court in this case abused its discretion by ordering an involuntary dismissal on the grounds that the appellant did not appear at a docket call. The dismissal of a plaintiffs claim for failure of his attorney to appear for a call of the calendar is too severe a sanction to visit upon a litigant. Bullock v. Metropolitan Dade County, 438 So.2d 151 (Fla. 3d DCA 1983).
We also reverse the award of attorney’s fees and costs. Since the award of fees and costs was based upon the improperly dismissed claim, it follows that it wa,s error to award attorney’s fees and costs.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.